## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS (EL PASO)

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11 (Subchapter V)** |
| | § | |
| **Flix Brewhouse NM LLC,** | § | **Case No. 21-30676 (HCM)** |
| | § | |
| **Debtor.** | § | |
| | § | |

**DEBTOR'S MOTION SEEKING ENTRY OF INTERIM & FINAL ORDERS AUTHORIZING THE DEBTOR TO MAINTAIN & ADMINISTER EXISTING CUSTOMER PROGRAMS & HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO & GRANTING CERTAIN RELATED RELIEF**

Flix Brewhouse NM LLC, the debtor and debtor in possession (the "***Debtor***") in the above-captioned Chapter 11 case (the "***Case***") submits this motion (the "***Motion***") seeking entry of interim and final orders authorizing the Debtor to maintain and administer its existing customer programs and honor certain prepetition obligations (the "***Customer Programs***") related thereto and granting related relief. In support of the Motion, the Debtor states:

### JURISDICTION & VENUE

1. The Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of this Case and the Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought in the Motion are 11 U.S.C. §§ 105(a) and 363(b) of Title 11 of the United States Code (the "***Bankruptcy Code***").

### BACKGROUND

3. The Debtor filed this Case on September 10, 2021 (the "***Petition Date***"). (Dkt. 1). The Debtor continues to manage its financial affairs as debtor in possession.

1. The Debtor is operating its business as debtor-in-possession under §§ 1181 and 1184 of the Bankruptcy Code, and Michael Colvard has been appointed as subchapter V trustee for this Case (the "***Sub V Trustee***"). *See* (Dkt. 4). A more complete description of the Debtor's business and history is set forth in the *Declaration of Allan L. Reagan in Support of Debtor's Chapter 11 Petition & First Day Relief* (the "***Reagan Declaration***"). (Dkt. 14).

**A. The Customer Programs**

4.      The Debtor has historically provided gift cards, coupons, discounts, and other accommodations to their customers to attract and maintain positive customer relationships. The Customer Programs promote customer satisfaction and inure to the goodwill of the Debtor's business and the value of its brand. Maintaining the goodwill of customers is critical to the Debtor's ongoing operations in this case and is necessary to maximize the value of the estate for the benefit of all of the Debtor's stakeholders.

**(1) The Gift Card Program**

5.      The Debtor maintains gift card programs (the "***Gift Card Program***") pursuant to which customers can purchase pre-paid, non-expiring gift cards, unexpired passes, and vouchers in various denominations (the "***Gift Cards***").

6.      The Debtor estimates that approximately $311,000.00[1] in Gift Card obligations are outstanding. The redemption of Gift Card and reward program dollars varies during the calendar year, and Gift Cards can be redeemed at any Flix Brewhouse location. Given that the Debtor's business has been shuttered for the last eighteen months, and is reopening while consumers are just beginning to return to movie theaters, the Debtor is currently unable to estimate Gift Card redemptions at Flix ABQ in the fourth quarter 2021.

7.      The Debtor maintains a liability on its books and records for unredeemed Gift Cards until redemption as they do not expire. By this Motion, the Debtor seeks authorization but not direction to, in a manner consistent with their past practices, (a) honor all Gift Cards purchased by or issued to customers prior to the Petition Date and (b) maintain the Gift Cards Program after the Petition Date. The Gift Cards are not redeemable for cash and thus will not require any cash outlay.

---

[1] This estimate is based on actual sales of Gift Cards at Flix ABQ's location, and a portion of Gift Cards purchased online, allocated to Flix ABQ's location.

2

**(2) The Loyalty Program**

8. In the ordinary course of business, the Debtor offer discounts to customers through its customer loyalty program "the circle." (the "**Loyalty Program**"). Through the Loyalty Program, participating customers earn points through purchases from the Debtor, promotional discounts for joining the Loyalty Program, discounts on Flix Brewhouse merchandise, and periodic promotions for Loyalty Program members, redeemable at any Flix Brewhouse location. Although points under the Loyalty Program typically expire, the Debtor has frozen the expiration of Loyalty Program points until December 31, 2021.

**RELIEF REQUESTED**

9. The Court may grant the relief requested in this Motion under Bankruptcy Cde § 363, which provides that "[t]he [debtor], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C.§ 363(b)(1). Under § 363, a court may authorize a debtor to pay certain prepetition claims. *See In re Ionosphere Clubs, Inc.,* 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (discussing prior order authorizing payment of prepetition wage claims pursuant to Section 363(b) of the Bankruptcy Code). To do so, "the debtor must articulate some business justification, other than the mere appeasement of major creditors." *Id.*

10. Although the Debtor does not believe that the continuance of the Customer Programs requires any cash outlay by the Debtor, the Court may also authorize payment of prepetition claims in appropriate circumstances based on Bankruptcy Code § 105(a). Section 105(a) of the Bankruptcy Code, which codifies the equitable powers of bankruptcy courts, empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Under § 105(a), courts may permit pre-plan payments of prepetition obligations when essential to the continued operation of a debtor's business. Specifically, the Court may use its § 105(a) authority to authorize payment of prepetition obligations pursuant to the "necessity of payment" rule (also referred to as the "doctrine of

necessity").

11. The rationale for the necessity of payment rule—the rehabilitation of a debtor in reorganization cases—is "the paramount policy and goal of Chapter 11." *Ionosphere Clubs,* 98 B.R. at 176; *see also Just for Feet,* 242 B.R. at 826 (finding that payment of prepetition claims to certain trade vendors was "essential to the survival of the debtor during the chapter 11 reorganization"); *In re Quality Interiors, Inc.,* 127 B.R. 391, 396 (Bankr. N.D. Ohio 1991) ("[P]ayment by a debtor-in-possession of prepetition claims outside of a confirmed plan of reorganization is generally prohibited by the Bankruptcy Code," but "[a] general practice has developed . . . where bankruptcy courts permit the payment of certain prepetition claims, pursuant to 11 U.S.C. § 105, where the debtor will be unable to reorganize without such payment."); *In re Gabriel Investment Group, Inc., et al.* (Bankr. W.D. Tex. 19-52298-RBK) (Dkt. 22) (Oct. 1, 2019) (approving gift card program for San Antonio based liquor stores); 2 Collier on Bankruptcy 105.04[5][a] (16th ed. 2013) (discussing cases in which courts have relied on the "doctrine of necessity" or the "necessity of payment" rule to pay prepetition claims immediately). Accordingly, the Court has authority to authorize the Debtor to continue the Customer Programs under §§ 363(b) and 105(a) of the Bankruptcy Code.

12. Further, the Debtor's creditors will benefit from the relief sought in this Motion. If the Debtor is prohibited from maintaining policies consistent with past business practice and treating customers right, customers' lost confidence in the Debtor's brand will damage the Debtor's business to an extent that likely far exceeds any cost associated with continuing such practices.

13. In fact, within days of the Debtor announcing its reopening on social media, *see* (Reagan Dec. ¶ 12) consumers were immediately inquiring as to whether they can redeem gift cards at the Debtor's theater, and many made comments implying their assumption that the Debtor will honor Gift Cards when it reopens.

14. Additionally, given the fact that Gift Cards and the benefits of the Loyalty Program

4

can be redeemed at any Flix Brewhouse location, if the Debtor's location is the only location at which customers cannot take advantage of the Customer Programs, it will lead to lead to customer confusion, and likely loss of future business for the Debtor.

15. Continuing to administer the Customer Programs without interruption during the pendency of this Case will therefore undoubtedly help preserve the Debtor's valuable customer relationships and goodwill, which will inure to the benefit of all the Debtor's creditors and stakeholders in terms of ongoing business. In addition, continued maintenance of the Customer Programs will allow the Debtor to maintain and expand its loyal customer base. Importantly, the Debtor's competitors maintain similar programs, meaning the Debtor's various customers have a ready audience willing to meet such customers' needs and take their business away from the Debtor. Thus, if the Debtor is unable to continue the Customer Programs postpetition or to pay amounts or other value due and owing to its customers under the various Customer Programs, the Debtor risks alienating certain customer constituencies, losing at least some customers to competitors, and suffering corresponding losses in customer loyalty and goodwill that will harm the Debtor's prospects for a reorganization that maximizes value.

16. Accordingly, the Debtor submits that the substantial benefit conferred on the Debtor's estate by the Customer Programs warrants the authority to honor the Customer Programs and any customer obligations relating thereto, whether arising prepetition or postpetition, and respectfully request the authority to continue their Customer Programs and honor prepetition commitments related thereto.

### BANKRUPTCY RULE 6003 IS SATISFIED

17. Bankruptcy Rule 6003 empowers a court to grant relief within the first 30 days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003. For the reasons discussed in the Reagan Declaration and above, authorizing the Debtor to continue the Customer Programs is integral to the Debtor's ability to transition its operations into this Case.

5

18. Failure to receive such authorization and other relief during the first 30 days of this Case would disrupt the Debtor's ability to operate at this critical juncture. Customers will be returning to the Debtor's theater in mere weeks, rendering the relief requested here immediately necessary for the Debtor to operate its business in the ordinary course, preserve the ongoing value of the Debtor's operations, and maximize the value of its estate for the benefit of all stakeholders. Accordingly, the Debtor submits it has satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support granting the relief requested in this Motion.

### WAIVER OF BANKRUPTCY RULES 6004(a) & (h)

19. To implement the relief sought here successfully, the Debtor also requests that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtor has established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

### RESERVATION OF RIGHTS

20. Nothing contained in this Motion is or should be construed as: (a) an admission as to the validity of any claim against the Debtor or the existence of any lien against the Debtor's property; (b) a waiver of the Debtor's rights to dispute any claim or lien on any grounds; (c) a promise to pay any claim; (d) an implication or admission that any particular claim would constitute an allowed claim; (e) an assumption or rejection of any executory contract or unexpired lease under Bankruptcy Code § 365; or (f) a limitation on the Debtor's rights under Bankruptcy Code § 365 to assume or reject any executory contract or unexpired lease with any party, subject to the provisions of any orders entered by this Court granting the relief requested by this Motion. Nothing contained in the proposed orders attached to this Motion shall be deemed to increase, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

### NOTICE & NO PRIOR REQUEST

21. The Debtor is providing notice of this Motion to the following parties or their

respective counsel: (a) the United States Trustee for the Western District of Texas; (b) the holders of the twenty largest unsecured claims against the Debtor; (c) counsel for the Debtor's secured lender, Comerica Bank; (d) the Sub V Trustee; and (e) any party that requests service pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given. The Debtor will provide such additional notice as may be required and appropriate in advance of the Final Hearing on this matter.

22. No prior request for the relief sought in this Motion has been made to this or any other court.

### CONCLUSION

*Wherefore*, the Debtor requests entry of interim and final orders, substantially in the form attached to this Motion, (a) granting the relief requested herein, and (b) granting any other further relief the Court deems appropriate under the circumstances.

*[signature page to follow]*

Date: September 15, 2021

*Flix Brewhouse NM LLC*

By: /s/ *Rachael L. Smiley*
      One of its Attorneys

Rachael L. Smiley (State Bar No. 24066158)
**FERGUSON BRASWELL FRASER KUBASTA PC**
2500 Dallas Pkwy
Plano, TX 75093
Telephone: 972.378.9111
Facsimile: 972.378.9115
rsmiley@fbfk.law


By: /s/ Jonathan Friedland
      One of its Attorneys

Jonathan Friedland (*admitted pro hac vice*)
Jack O'Connor (*admitted pro hac vice*)
Mark Melickian (*admitted pro hac vice*)
**SUGAR FELSENTHAL GRAIS & HELSINGER LLP**
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone: 312.704.9400
Facsimile: 312.704.9400
jfriedland@sfgh.com
joconnor@sfgh.com
mmelickian@sfgh.com

*Proposed Counsel to the Debtor*


**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was served upon those parties on the attached service list who are entitled to receive Court ECF Notification in this case via such notification on this 15th day of September, 2021.

      /s/ *Rachael L. Smiley*
      Rachael L. Smiley

8