James IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS (EL PASO)

| In re: | § | Chapter 11 (Subchapter V) |
|---|---|---|
| | § | |
| **Flix Brewhouse NM LLC,** | § | Case No. 21-30676 (HCM) |
| | § | |
| Debtor. | § | |
| | § | |

**DEBTOR'S MOTION FOR ADMINISTRATIVE ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION & REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held.**

Flix Brewhouse NM LLC the debtor and debtor in possession (the "***Debtor***") in the above-captioned Chapter 11 case (the "***Case***"), through counsel, submits this motion (the "***Motion***") requesting an order establishing an orderly and regular process for allowance and payment of compensation and reimbursement of expenses for attorneys and other professionals retained in the Case under §§ 327, 328, or 1103 of the Bankruptcy Code, and who are required to file applications for allowance of compensation and reimbursement of expenses under §§ 330 and 331 of the Bankruptcy Code (the "***Interim Compensation Procedures***"). In support of the Motion, the Debtor states:

**JURISDICTION & VENUE**

1. The Court has jurisdiction over this matter under 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested in this Application are §§ 105(a), 327, 328, 330, and 331 of title 11 of the United States Code (the "***Bankruptcy Code***"), and rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***").

1

**BACKGROUND**

2. The Debtor filed for Chapter 11 bankruptcy protection on September 10, 2021 (the "***Petition Date***"). The Debtor is operating its business as debtor in possession under §§ 1181 and 1184 of the Bankruptcy Code, and Michael Colvard has been appointed as subchapter V trustee for this case (the "***Sub V Trustee***"). *See* (Dkt. 4). A more complete description of the Debtor's business and history is set forth in the *Declaration of Allan L. Reagan in Support of Debtor's Chapter 11 Petition & First Day Relief*. (Dkt. 14).

3. Contemporaneously with this Motion, the Debtor is seeking to retain various professionals in this Case, and may seek to employ additional professionals in this Case in the future who will be retained and employed under Bankruptcy Code §§ 327(a), 327(e), or 328(a) of the Bankruptcy Code (the "***Professionals***"), and will be subject to submitting interim and final applications for payment of fees and reimbursement of expenses according to §§ 330 and 331 of the Bankruptcy Code.

4. To date, the Professionals include:

| Professional | Role | Employment Approved/Pending | Date of Approval (Dkt. No.) |
|---|---|---|---|
| Sugar Felsenthal Grais & Helsinger LLP | Co-Counsel to Debtor | Pending | Pending |
| Ferguson Braswell Fraser Kubasta PC | Co-Counsel to Debtor | Pending | Pending |
| HMP Advisory Holdings, LLC, dba Harney Partners | Financial Advisor to Debtor | Pending | Pending |

5. By this Motion, the Debtor requests that the Court enter an administrative order, substantially in the form attached to this Motion, authorizing and establishing the Interim Compensation Procedures proposed below, allowing for the compensation and reimbursement of the Professionals on a monthly basis comparable to similar procedures established in chapter 11 cases of similar size and complexity.

**RELIEF REQUESTED**

**A. Proposed Interim Compensation Procedures**

6. The Debtor proposes that the Court enter an order incorporating the following procedures governing payment of professional compensation and expense reimbursement, which will provide an effective and efficient means of compensating the Professionals in this Case:

(a) Each Professional seeking interim compensation and expense reimbursement may serve a monthly invoice (the "**Monthly Statement**") for the preceding month (the "**Compensation Period**") on the following parties (collectively, the "**Notice Parties**") via email correspondence or first class U.S. Mail:

| *Debtor's Co-Counsel* | *Debtor's Co-Counsel* |
|---|---|
| **Sugar Felsenthal Grais & Helsinger LLP** | **Ferguson Braswell Fraser Kubasta PC** |
| Attn: Jonathan P Friedland & Jack O'Connor | Attn: Rachael Smiley |
| 30 N. LaSalle St., Ste. 3000 | 2500 Dallas Pkwy |
| Chicago, IL 60602 | Plano, TX 75093 |
| jfriedland@sfgh.com | rsmiley@fbfk.law |
| joconnor@sfgh.com | |
| | |
| *Office of the U.S. Trustee* | *Sub V Trustee* |
| Attn: James Rose | **Michael Colvard** |
| 615 E. Houston Street, Suite 533 | c/o Martin & Drought P.C. |
| San Antonio, TX 78205 | Weston Centre |
| james.rose@usdoj.gov | 112 E. Pecan Street STE 1616 |
| | San Antonio, TX 78205 |
| | mcolvard@mdtlaw.com |

(b) Each Professional submitting a Monthly Statement covering the Compensation Period ending September 30, 2021, may submit such Monthly Statement on or before the later of (i) October 31, 2021; or (ii) 10 days following entry of an order approving such Professional's employment.

(c) Beginning with the Compensation Period ending October 31, 2021, each Monthly Statement will be due on or before the 15th day of each calendar month following the end of the preceding Compensation Period.

(d) Unless otherwise ordered by the Court, each Monthly Statement should comply with the timekeeping and detail requirements of the Bankruptcy Code, the Bankruptcy Rules, and applicable law.

(e) Each Notice Party will have 10 days after being served with a Professional's Monthly Statement to object to the relevant Monthly Statement (the "**Objection**

3

***Deadline***"). For purposes of clarity, passage of the Objection Deadline for any Monthly Statement is not a waiver of any party's right to object to a Professional's interim or final fee applications, as further described at paragraph (n) below.

(f) Upon the expiration of the Objection Deadline, the Debtor (or a third party using non-estate assets) will be authorized to pay each Professional an amount (the "***Actual Monthly Payment***") equal to the lesser of: (i) 80% of the fees and 100% of the expenses requested in the Monthly Statement (the "***Maximum Monthly Payment***"); or (ii) 80% of the fees and 100% of the expenses not subject to an Objection under subparagraph (g) below.

(g) If any Notice Party objects to a Professional's Monthly Statement, the objecting Notice Party must file with the Court, and serve a written objection (the "***Objection***") on the affected Professional and all other Notice Parties, which must be received by the affected Professional and the Notice Parties on or before the Objection Deadline. The Objection must clearly state (i) the total amount of fees the objecting party objects to; (ii) the total amount of expenses the objecting party asserts should not be allowed; and (iii) detailed explanations identifying entries the objecting party asserts should not be allowed, and the reasoning supporting the Objection to these entries.

(h) An objecting party and the affected Professional may resolve any Objection on a consensual basis. If the parties cannot reach a resolution of an Objection within 10 days after the Objection is served on the Professional, the affected Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Professional (the "***Incremental Amount***"); or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if requested by the parties.

(i) For purposes of clarity, in the event an Objection is raised to a Monthly Statement, each Professional's Actual Monthly Payment is authorized to be paid without delay, but only after verification of the amount of the Actual Monthly Payment by the Debtor in consultation with the other Notice Parties.

(j) Beginning with the period ending December 31, 2021, and at three-month intervals afterward, or at such other intervals convenient to the Court, each of the Professionals may file with the Court, and serve to the Notice Parties, an interim application ("***Interim Fee Application***") for Court approval and allowance, under § 331 of the Bankruptcy Code, for compensation and reimbursement of expenses sought in the Monthly Applications filed in respect of such three-month period (the "***Interim Fee Period***").

(k) Each Interim Fee Application must include copies of the Monthly Statements that are the subject of the Interim Fee Application, and any other information requested by the Court or required by the Bankruptcy Rules or Local Rules.

(l) The pendency of an Objection to allowance and payment of compensation or reimbursement of expenses will not disqualify a Professional from future payments for compensation or reimbursement of expenses in connection with subsequent Monthly Statements.

(m) Neither (i) the payment of, or the failure to pay, in whole or part, monthly interim compensation and reimbursement of expenses; nor (ii) the filing of, or failure to file, an Objection, will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses of Professionals.

(n) Notice of any Professional's interim or final fee applications need only be made on (i) the Notice Parties; and (ii) parties who have filed a notice of appearance with the Clerk of this Court and requested such notice.

7. As noted in the proposed Interim Compensation Procedures, the Debtor requests that the Court limit the notice of interim and final fee applications to the Notice Parties and parties who have appeared in the Case. The Debtor submits that this is appropriate under the circumstances because such notice of interim and final applications will reach the parties most active in this Case, and will save the expense of undue duplication and mailings to the Debtor's numerous creditors.

8. To the extent paid by the Debtor, the Debtor will include all payments made to Professionals according to the Interim Compensation Procedures in its monthly operating reports, identifying the amount paid to each of the Professionals. To the extent paid by a third party, including the Debtor's ultimate parent company Flix Entertainment LLC or one of its affiliated entities, each Professional shall disclose the amount and source of such payments when submitting interim and final fee applications in this Case.

**B. The Interim Compensation Procedures Should Be Approved to Facilitate the Effective Administration of this Case**

9. Bankruptcy Code § 331 provides:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or

> reimbursement for expenses incurred before such date as is provided under section 330 of this title. . . .

11 U.S.C. § 331.

10. Bankruptcy Code § 105(a) provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title . . . shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules. . . .

11 U.S.C. § 105(a).

11. Appropriate factors to consider when establishing compensation procedures include "the size of [the] reorganization cases, the complexity of the issues included, and the time required on the part of the attorneys for the Debtor in providing services necessary to achieve a successful reorganization of the Debtor." *See e.g. In re International Horizons, Inc.*, 10 B.R. 895, 897-98 (Bankr. N.D. Ga. 1981) (establishing procedures for monthly interim compensation).

12. The Interim Compensation Procedures will enable the Professionals to receive timely payment of fees and expense reimbursement, while allowing the Court, the U.S. Trustee and other parties in interest to effectively monitor the Professionals' fees and expenses incurred in this Case.

13. The proposed Interim Compensation Procedures will encourage Professionals to provide timely and necessary services in connection with this Case with less risk that the Professionals fund the Case. *See e.g. In re Mariner Post-Acute Network, Inc.,* 257 B.R. 723, 727-28 (Bankr. D. Del. 2000) (noting that the large quantity of time likely to be invested by professionals might place the professionals under an intolerable burden and significant economic disadvantage if forced to wait for payments every four months).

14. The Debtor therefore submits that, considering these factors, the proposed Interim Compensation Procedures are appropriate, and should be established in this Case.

### NOTICE & NO PRIOR REQUEST

15. The Debtor is providing notice of this Motion to the following parties or their respective counsel: (a) the United States Trustee for the Western District of Texas; (b) the holders of the twenty largest unsecured claims against the Debtor; (c) counsel to Comerica Bank; (d) the Sub V Trustee; and (e) any party that requests service pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

16. No prior request for the relief sought in this Motion has been made to this or any other court.

### CONCLUSION

*Wherefore*, the Debtor requests that the Court enter an order substantially in the form attached to this Motion: (i) approving the Interim Compensation Procedures as described in the Motion; and (ii) granting any other further relief the Court deems appropriate under the circumstances.

*[signature page to follow]*

Date: September 15, 2021

*Flix Brewhouse NM LLC*

By: /s/ *Rachael L. Smiley*
       One of its Attorneys

Rachael L. Smiley (State Bar No. 24066158)
**FERGUSON BRASWELL FRASER KUBASTA PC**
2500 Dallas Pkwy
Plano, TX 75093
Telephone: 972.378.9111
Facsimile: 972.378.9115
rsmiley@fbfk.law


By: /s/ Jonathan Friedland
       One of its Attorneys

Jonathan Friedland (*admitted pro hac vice*)
Jack O'Connor (*admitted pro hac vice*)
Mark Melickian (*admitted pro hac vice*)
**SUGAR FELSENTHAL GRAIS & HELSINGER LLP**
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone: 312.704.9400
Facsimile: 312.704.9400
jfriedland@sfgh.com
joconnor@sfgh.com
mmelickian@sfgh.com

*Proposed Counsel to the Debtor*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served upon those parties on the attached service list who are entitled to receive Court ECF Notification in this case via such notification on this 15th day of September, 2021.

                                              /s/ *Rachael L. Smiley*
                                                 Rachael L. Smiley

```
Label Matrix for local noticing        Flix Brewhouse NM LLC              U.S. BANKRUPTCY COURT
0542-3                                 2000 S. Interstate 35              511 E. San Antonio Ave., Rm. 444
Case 21-30676-hcm                      Suite Q11                          EL PASO, TX 79901-2417
Western District of Texas              Round Rock, TX 78681-6942
El Paso
Tue Sep 14 14:46:30 CDT 2021

ABQ Upholstery                         Aramark Uniform Services           Bernalillo County Tax Assesor
4956 Story Rock NM                     AUCA Chicago MC Lockbox            415 Silver Avenue
Albuquerque, NM 87120-3710             25259 Network Place                Albuquerque, NM 87102
                                       Chicago, IL 60673-1252

Blast Masters Inc                      Cinema Breweries Inc               Comerica Commerical Lending Services
Po Box 2684                            2000 S Interstate 35               c/o Special Assets Group
Big Spring, TX 79721-2684              Ste Q11                            P.O. Box 671737
                                       Round Rock, TX 78681-6942          Dallas, TX 75267-1737

Digital Light Source LLC               Direct TV                          Dragon Services
2768 Santa Ynez Avenue                 Po Box 5006                        Po Box 578
Simi Valley, CA 93063-2392             Carol Stream, IL 60197-5006        Bernalillo, NM 87004-0578

ECM Office Equipment                   Ecolab Institutional               Flix Brewhouse LLC
28 Baiting Place Road                  P.O. Box 70343                     2000 S Interstate 35
Farmingdale, NY 11735-6233             Chicago, IL 60673-0343             Ste Q11
                                                                          Round Rock, TX 78681-6942

Flix Brewhouse Texas IV                Flix Entertainment LLC             Great Western Specialty Systems
2000 S Interstate 35                   2000 S Interstate 35               4441 Anaheim Ave NE
Ste Q11                                Ste Q11                            Albuquerque, NM 87113-1664
Round Rock, TX 78681-6942              Round Rock, TX 78681-6942

Harney Partners                        Homefield Grill                    Hundred Hands Craft Coffee
Attn: Erik White                       2000 S Interstate 35               Po Box 40458
3800 N. Lamar Blvd., Suite 200         Ste Q11                            Albuquerque, NM 87196-0458
Austin, TX 78756-0003                  Round Rock, TX 78681-6942

Internal Revenue Service               Jackson Compaction LLC             LLD Inc DBA Respond NM
Centralized Insolvency Operation       6420 2nd St NM                     3809 Hawkins St NE
P.O. Box 7346                          Albuquerque, NM 87107-6001         Albuquerque, NM 87109-4513
Philadelphia, PA 19101-7346

La Cumbre Brewing Co                   Lighting Lock & Key                Lindborg & Mazor LLP
3313 Girard Blvd NE                    3107 Texas St NE                   Attn Peter Lindborg
Albuquerque, NM 87107-1930             Albuquerque, NM 87110-2436         550 North Brand Blvd, Suite 1830
                                                                          Glendale, CA 91203-1909

New Mexico Dept Workforce Solutions    New Mexico Gas Company             New Mexico Taxation & Revenue Department
Po Box 1928                            1625 Rio Bravo SW Street           Bankruptcy Section
Attn Legal Section                     Albuquerque, NM 87105-6042         PO Box 8575
Albuquerque, NM 87103-1928                                                Albuquerque, NM 87198-8575
```

| | | |
|---|---|---|
| PNM<br>Po Box 27900<br>Albuquerque, NM 87125-7900 | Power Wash Pro<br>7115 Cuchillo Rd NM<br>Albuquerque, NM 87114-5928 | R&B Commerical Services<br>Po Box 36378<br>Albuquerque, NM 87176-6378 |
| SS Steiner Inc<br>725 Fifth Avenue<br>Floor 23<br>New York, NY 10022-2582 | Sanchez Investigation Services<br>11512 Lexington Avenue NW<br>Albuquerque, NM 87112 | Secured Retail Networks Inc<br>9963 Muirlands Blvd<br>Irvine, CA 92618-2508 |
| Senior and Social Services<br>One Civic Plaza NW<br>Albuquerque, NM 87102-2109 | Shoes For Crews LLC<br>Po Box 734176<br>Chicago, IL 60673-4176 | Simply Right Inc<br>1309 16th Street<br>Ogden, UT 84404-6170 |
| State of New Mexico<br>Attorney General of New Mexico<br>Attn: Bankruptcy Section<br>201 Third Street NW, Suite 300<br>Albuquerque, NM 87102-3366 | Swank Motion Pictures<br>2844 Paysphere Circle<br>Chicago, IL 60674-0001 | Sysco New Mexico<br>601 Comanche Rd NE<br>Albuquerque, NM 87107-4103 |
| TLC Company Inc<br>5000 Edith NE<br>Albuquerque, NM 87107-4125 | US Small Business Administration<br>Attn: District Counsel<br>721 19th St, Rm 426<br>Denver, CO 80202-2517 | United States Trustee - EP12<br>U.S. Trustee's Office<br>615 E. Houston, Suite 533<br>P.O. Box 1539<br>San Antonio, TX 78295-1539 |
| Vanguard Cleaning Systems of NM<br>Po Box 461389<br>San Antonio, TX 78246-1389 | Venue Valet CC LLC<br>6601 Vaught Ranch Rd<br>Suite 101<br>Austin, TX 78730-2316 | Village @ La Orilla LLC<br>12809 Donette Court N<br>Albuquerque, NM 87112-4708 |
| Water Utility Authority<br>Po Box 27226<br>Albuquerque, NM 87125-7226 | Michael G. Colvard<br>Martin & Drought, PC<br>Weston Centre<br>112 E Pecan St, Suite 1616<br>San Antonio, TX 78205-1512 | Rachael L. Smiley<br>Ferguson Braswell Fraser Kubasta PC<br>2500 Dallas Parkway<br>Suite 600<br>Plano, TX 75093-4820 |

End of Label Matrix
Mailable recipients    50
Bypassed recipients     0
Total                  50