

**Hearing held on 9/21/2021.**

**The relief described hereinbelow is SO ORDERED.**

**Signed September 23, 2021.**

_____
**H. CHRISTOPHER MOTT
UNITED STATES BANKRUPTCY JUDGE**
_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS (EL PASO)

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| Flix Brewhouse NM LLC, | § § | Case No. 21-30676 (HCM) |
| Debtor. | § § § | |

**FINAL ORDER AUTHORIZING DEBTOR TO (1) MAINTAIN EXISTING BANK ACCOUNTS; (2) CONTINUE USING EXISTING CASH MANAGEMENT SYSTEM; (3) CONTINUE USING EXISTING BUSINESS FORMS; (4) MODIFY INVESTMENT & DEPOSIT REQUIREMENTS UNDER 11 U.S.C. § 345(b); & (5) RELATED RELIEF**

This matter came before the Court on the Debtor's motion (the "*Motion*") for the entry of interim and final orders authorizing the Debtor to (1) maintain its existing Bank Accounts;[1] (2) continue using its existing Cash Management System; (3) continue using its existing Business Forms; (4) modifying certain investment & deposit requirements; and (5) related relief; all as

---
[1] Capitalized terms not defined in this Order bear the meanings given to them in the Motion.

SFGH:4844-2069-1963v4

1

more fully set forth in the Motion; this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, creditors, and other parties in interest; and the Court having found that the Debtor provided adequate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**It is Hereby Ordered:**

1. The Motion is granted as set forth in this Order (the "**Final Order**").

2. The Debtor is authorized, but not directed, to maintain and use the Cash Management System as described in the Motion.

3. The Debtor is authorized to open any new bank accounts or close any existing Bank Accounts as it may deem necessary and appropriate in its sole discretion; provided that the Debtor give prior notice to the U.S. Trustee and the Sub V Trustee; provided, further, that the Debtor may only open any new bank accounts at banks that have executed a Uniform Depository Agreement with the U.S. Trustee, or at banks that are willing to immediately execute such an agreement. The Debtor will provide the U.S. Trustee with sufficient evidence that, where required by this Order, all accounts have been properly styled as debtor in possession accounts.

4. The relief granted in this Final Order is extended to any new bank account opened by the Debtor after the date hereof (including the Comerica DIP Account), which account shall be deemed a Bank Account, and to the bank at which such account is opened.

5. The U.S. Trustee Guidelines are hereby modified such that the Debtor is not required to: (a) close all existing Bank Accounts and open new debtor in possession accounts or (b) establish specific bank accounts for tax payments.

6. The Bank Accounts are deemed debtor in possession accounts. The Debtor is authorized, but not directed, to maintain and use the Bank Accounts in the same manner and with the same account numbers, styles, and document forms as those employed before the Petition Date, including, without limitation: (a) to deposit funds in, and withdraw funds from, the Bank Accounts by all usual means, including checks, wire transfers, ACH transfers, drafts, electronic fund transfers, and other debits or items presented, issued, or drawn on the Bank Accounts; (b) to pay ordinary course Bank Fees in connection with the Bank Accounts, including any Bank Fees arising prior to the Petition Date in an amount not to exceed $1,000; and (c) to perform their obligations under the documents and agreements governing the Bank Accounts, including without limitation, any prepetition Cash Management agreements or treasury services agreements, in each case subject to the limitations of each applicable deposit account control agreement.

7. The Debtor may keep the Sandia Account open, provided that if the balance in the Sandia account exceeds $50,000, the Debtor shall transfer all funds in excess of this amount into the Comerica DIP Account, as set forth in the Motion, or into any other account held at a bank that is a signatory to a Uniform Depository Agreement in a form prescribed by the U.S. Trustee.

8. With respect to any Bank Account held by the Debtor at a bank that is not a signatory to a Uniform Depository Agreement in a form prescribed by the U.S. Trustee, at no time shall the Debtor maintain a balance in such account in excess of the federally-insured limit, currently $250,000.00.

9. All institutions maintaining an account which constitute authorized depositories shall comply with the reporting requirements of the U.S. Trustee for such authorized depository.

10. Those certain existing deposit agreements between the Debtor and the Banks shall

3

continue to govern the postpetition Cash Management relationship between the Debtor and the Banks, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect.

11. The Banks are authorized without the need for further order of this Court to in the ordinary course of business: (a) continue to administer, service, and maintain, the Bank Accounts as such accounts were administered, serviced, and maintained prior to the Petition Date, without interruption and in the ordinary course; (b) receive, process, honor, and pay any and all checks, drafts, wires, ACH transfers, electronic fund transfers, payment orders, or other items presented, issued, or drawn on the Bank Accounts (collectively, the "***Disbursements***") on account of a claim; and (c) debit the Bank Accounts for: (i) all undisputed prepetition bank and service fees outstanding as of the date hereof, if any, owed to the Banks for the maintenance of the Cash Management System; (ii) all checks drawn on the Debtor's Bank Accounts which were cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof before the Petition Date; and (iii) all checks or other items deposited in one of the Debtor's Bank Accounts with such Bank before the Petition Date, which have not been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to the Petition Date.

12. Subject to the provisions of this Final Order, the Banks are authorized to and shall rely on the representations of the Debtor as to which Disbursements are authorized to be honored or dishonored, whether or not such Disbursements are dated, drawn, or issued prior to, on, or subsequent to the Petition Date, and whether or not the Banks believe the payment is authorized by an order of the Court. The Banks shall not be deemed in violation of this Final Order and shall have no liability for relying on such representations by the Debtor or honoring any Disbursement that is subject to this Final Order either (a) at the direction of the Debtor to honor such prepetition Disbursement; (b) in the good faith belief that this Court has authorized such prepetition Disbursement to be honored; or (c) as a result of an innocent mistake. To the extent that the

4

Debtor directs that any Disbursement be dishonored or the Banks inadvertently dishonor any Disbursements, the Debtor may issue replacement Disbursements consistent with the orders of this Court.

13. To the extent any check or draft has been drawn, issued, or otherwise presented by the Debtor prior to the Petition Date, the Debtor will issue a stop payment order to the relevant Bank so they will not be honored by the Bank, except to the extent authorized by order of this Court.

14. The Banks are further authorized to (a) honor the Debtor's directions with respect to the opening or closing of any Bank Account; and (b) accept and hold, or invest, the Debtor's funds in accordance with the Debtor's instructions, and the Banks shall have no liability to any party for relying on such representations or instructions.

15. To the extent any other order is entered by this Court authorizing the Banks to honor checks, drafts, ACH transfers, or other electronic funds transfers or any other withdrawals made, drawn, or issued in payment of prepetition claims, the obligation to honor such items shall be subject to this Order.

16. The Debtor shall attach a copy of the monthly bank statement for each of the Bank Accounts to its monthly operating reports.

17. The Debtor is hereby authorized and empowered to continue using its existing business forms until such supply of existing forms is exhausted; but the Debtor shall clearly imprint on each form the case name and number and "Debtor in Possession." With respect to pre-printed check, any new check stock ordered by the Debtor shall contain the "Debtor in Possession" label and case number; provided further, that with respect to checks that the Debtor prints in-house, the Debtor shall begin printing those checks with a "Debtor in Possession" designation and case number within five (5) business days of the date this Order is entered.

18. The Debtor shall serve a copy of this Final Order on the Banks within five (5) business days of its entry, and upon any bank at which the Debtor opens a new bank account,

immediately upon the opening of such new account.

19. Nothing in this Final Order (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to § 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtor; (b) shall impair, prejudice, waive or otherwise affect the rights of the Debtor or its estate with respect to the validity, priority, or amount of any claim against the Debtor and its estate; or (c) shall be construed as a promise to pay a claim.

20. Notwithstanding Bankruptcy Rule 6004(h), this Final Order shall be effective and enforceable immediately upon entry hereof.

21. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Final Order.

22. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

###

Order submitted by:

By:  /s/ *Rachael L. Smiley*
        One of its Attorneys

Rachael Smiley
**FERGUSON BRASWELL FRASER KUBASTA PC**
2500 Dallas Pkwy
Plano, TX 75093
Telephone: 972.378.9111
Facsimile: 972.378.9115
rsmiley@fbfk.law

-and-

By:  /s/ Jack O'Connor
        One of its Attorneys

Jonathan Friedland (*admitted pro hac vice*)
Jack O'Connor (*admitted pro hac vice*)
Mark Melickian (*admitted pro hac vice*)
**SUGAR FELSENTHAL GRAIS & HELSINGER LLP**
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone: 312.704.9400

6

Facsimile: 312.704.9400
jfriedland@sfgh.com
joconnor@sfgh.com
mmelickian@sfgh.com

*Proposed Counsel to the Debtor*