**The relief described hereinbelow is SO ORDERED.**

**Signed October 12, 2021.**

_____
**H. CHRISTOPHER MOTT**
**UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS (EL PASO)

| | | |
|---|---|---|
| In re: | § | Chapter 11 (Subchapter V) |
| | § | |
| Flix Brewhouse NM LLC, | § | Case No. 21-30676 (HCM) |
| | § | |
| Debtor. | § | |
| | § | |

**Administrative Order Establishing Procedures for Interim Compensation & Reimbursement of Expenses of Professionals**

This matter came before the Court on the Debtor's motion (the "*Motion*") in the above-captioned chapter 11 case (the "*Case*") requesting that the Court establish procedures governing interim compensation and reimbursement of expenses of Professionals retained by the Debtor in this Case (collectively, the "*Professionals*") under 11 U.S.C. §§ 105 and 331, as more fully described in the Motion;

The Court, after reviewing the Motion and considering the statements in support of the relief requested under the Motion, it appearing that (a) the Court has jurisdiction over this matter under § 1334 of title 28 of the United States Code; (b) this is a core proceeding under 28 U.S.C.

§ 157(b)(2); (c) venue of this proceeding and this Motion is proper under 28 U.S.C. §§ 1408 and 1409; (d) the relief requested in the Motion is warranted and in the best interests of the Debtor, its estate, creditors, and other parties in interest; and (e) notice of the Motion was sufficient under the circumstances; the Court being otherwise fully advised in the premises;

**It is Hereby Ordered:**

1. The Motion is granted as set forth in this Order, and the following procedures (the "**Interim Compensation Procedures**") shall govern payment of professional compensation and expense reimbursement in this Case:

    (a) Each Professional seeking interim compensation and expense reimbursement may serve a monthly invoice (the "**Monthly Statement**") for the preceding month (the "**Compensation Period**") on the following parties, including counsel to any official committee that may be appointed in this Case (collectively, the "**Notice Parties**") via email correspondence or first class U.S. Mail:

    | *Debtor's Co-Counsel* | *Debtor's Co-Counsel* |
    |---|---|
    | Sugar Felsenthal Grais & Helsinger LLP | **Ferguson Braswell Fraser Kubasta PC** |
    | Attn: Jonathan P Friedland & Jack O'Connor | Attn: Rachael Smiley |
    | 30 N. LaSalle St., Ste. 3000 | 2500 Dallas Pkwy |
    | Chicago, IL 60602 | Plano, TX 75093 |
    | jfriedland@sfgh.com | rsmiley@fbfk.law |
    | joconnor@sfgh.com | |

    | *Office of the U.S. Trustee* | *Sub V Trustee* |
    |---|---|
    | Attn: James Rose | Michael Colvard |
    | 615 E. Houston Street, Suite 533 | c/o Martin & Drought P.C. |
    | San Antonio, TX 78205 | Weston Centre |
    | james.rose@usdoj.gov | 112 E. Pecan Street STE 1616 |
    | | San Antonio, TX 78205 |
    | | mcolvard@mdtlaw.com |

    (b) Each Professional submitting a Monthly Statement covering the Compensation Period ending September 30, 2021, may submit such Monthly Statement on or before the later of (i) October 31, 2021; or (ii) 10 days following entry of an order approving such Professional's employment.

    (c) Beginning with the Compensation Period ending October 31, 2021, each Monthly Statement will be due on or before the 15th day of each calendar month following the end of the preceding Compensation Period.

    (d) Unless otherwise ordered by the Court, each Monthly Statement should comply

with the timekeeping and detail requirements of the Bankruptcy Code, the Bankruptcy Rules, and applicable law.

(e) Each Notice Party will have 10 days after being served with a Professional's Monthly Statement to object to the relevant Monthly Statement (the "***Objection Deadline***"). For purposes of clarity, passage of the Objection Deadline for any Monthly Statement is not a waiver of any party's right to object to a Professional's interim or final fee applications, as further described at paragraph (n) below.

(f) Upon the expiration of the Objection Deadline, the Debtor (or a third party using non-estate assets) will be authorized to pay each Professional an amount (the "***Actual Monthly Payment***") equal to the lesser of: (i) 80% of the fees and 100% of the expenses requested in the Monthly Statement (the "***Maximum Monthly Payment***"); or (ii) 80% of the fees and 100% of the expenses not subject to an Objection under subparagraph (g) below.

(g) If any Notice Party objects to a Professional's Monthly Statement, the objecting Notice Party must file with the Court, and serve a written objection (the "***Objection***") on the affected Professional and all other Notice Parties, which must be received by the affected Professional and the Notice Parties on or before the Objection Deadline. The Objection must clearly state (i) the total amount of fees the objecting party objects to; (ii) the total amount of expenses the objecting party asserts should not be allowed; and (iii) detailed explanations identifying entries the objecting party asserts should not be allowed, and the reasoning supporting the Objection to these entries.

(h) An objecting party and the affected Professional may resolve any Objection on a consensual basis. If the parties cannot reach a resolution of an Objection within 10 days after the Objection is served on the Professional, the affected Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Professional (the "***Incremental Amount***"); or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if requested by the parties.

(i) For purposes of clarity, in the event an Objection is raised to a Monthly Statement, each Professional's Actual Monthly Payment is authorized to be paid without delay, but only after verification of the amount of the Actual Monthly Payment by the Debtor in consultation with the other Notice Parties.

(j) Beginning with the period ending December 31, 2021, and at three-month intervals afterward, or at such other intervals convenient to the Court, each of the Professionals may file with the Court, and serve to the Notice Parties, an interim application ("***Interim Fee Application***") for Court approval and allowance, under § 331 of the Bankruptcy Code, for compensation and reimbursement of expenses sought in the Monthly Applications filed in respect of such three-month

3

period (the "***Interim Fee Period***").

(k) Each Interim Fee Application must include copies of the Monthly Statements that are the subject of the Interim Fee Application, and any other information requested by the Court or required by the Bankruptcy Rules or Local Rules.

(l) The pendency of an Objection to allowance and payment of compensation or reimbursement of expenses will not disqualify a Professional from future payments for compensation or reimbursement of expenses in connection with subsequent Monthly Statements.

(m) Neither (i) the payment of, or the failure to pay, in whole or part, monthly interim compensation and reimbursement of expenses; nor (ii) the filing of, or failure to file, an Objection, will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses of Professionals.

(n) Notice of any Professional's interim or final fee applications need only be made on (i) the Notice Parties; and (ii) parties who have filed a notice of appearance with the Clerk of this Court and requested such notice.

2. To the extent any Professional is compensated for its fees or reimbursed for its expenses by a party other than the Debtor, including Flix Entertainment LLC and its affiliated entities, each Professional shall disclose the amount and source of such payments when submitting interim and final fee applications in this Case.

3. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

###

Order submitted by:

By: /s/ *Rachael L. Smiley*
     One of its Attorneys

Rachael L. Smiley (State Bar No. 24066158)
**FERGUSON BRASWELL FRASER KUBASTA PC**
2500 Dallas Pkwy
Plano, TX 75093
Telephone: 972.378.9111
Facsimile: 972.378.9115
rsmiley@fbfk.law

-and-

4

By:   /s/ Jack O'Connor

Jonathan Friedland (*admitted pro hac vice*)
Jack O'Connor (*admitted pro hac vice*)
Mark Melickian (*admitted pro hac vice*)
**SUGAR FELSENTHAL GRAIS & HELSINGER LLP**
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone: 312.704.9400
Facsimile: 312.704.9400
jfriedland@sfgh.com
joconnor@sfgh.com
mmelickian@sfgh.com

*Proposed Counsel to the Debtor*