

**Final hearing held on 10/14/2021.**

**The relief described hereinbelow is SO ORDERED.**

**Signed October 15, 2021.**

_____
**H. CHRISTOPHER MOTT**
**UNITED STATES BANKRUPTCY JUDGE**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS (EL PASO)

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **Flix Brewhouse NM LLC,** | § | Case No. 21-30676 (HCM) |
| | § | |
| Debtor. | § | |
| | § | |

### FINAL ORDER (A) AUTHORIZING DEBTOR TO (I) OBTAIN DEBTOR IN POSSESSION FINANCING, & (II) USE CASH COLLATERAL, & (B) DETERMINING ADEQUATE PROTECTION & SUPERPRIORITY CLAIMS & LIENS

This matter came before the Court on the Debtor's motion (the "***Motion***") for the entry of interim and final orders (a) authorizing the Debtor to obtain debtor in possession financing and use cash collateral, and (b) determining adequate protection and superpriority claims and liens; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157; and this proceeding being a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(D) and (M); and finding that the Court may enter a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion in the Court being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being given; and the Court having found

that no other or further notice is needed or necessary; and the Court having reviewed and considered the Motion, the proposed Debtor-in-Possession Loan Agreement ("***DIP Agreement***"),  and the Reagan Declaration;[1] and the Court and having heard statements in support of the Motion at the hearings held September 21, 2021 and October 14, 2021 (the "***Hearings***") and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearings establish just cause for the relief granted herein; and the relief requested in the Motion being in the best interests of the Debtor's estate, its creditors, and other parties-in-interest; and any objections to the relief requested in the Motion having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1.      The Motion is granted on a final basis as set forth in this final Order (the "***Final Order***").

2.      The Debtor is authorized to execute the DIP Agreement and any related documents and use the funds as set forth in the Motion.

3.      The Debtor is further authorized to use cash collateral on the terms set forth in the Motion.  Debtor is required to make the adequate protection payments to Comerica Bank as set forth in the Motion.

4.      The Debtor is authorized to borrow up to $1,500,000 under the terms of the DIP Agreement and this Final Order.

5.      The Lender is granted a priming lien on all Collateral (as defined in the Motion), provided that such priming lien shall be subject and inferior to:

(a)      the Prior Permitted Lien of Comerica Bank as defined in the Motion;

(b)      any perfected contractual lien of Village @ La Orilla, LLC (the "Landlord"); and

---

[1]    Capitalized terms not defined in this Final Order bear the meanings given to them in the Motion.

(c)     any lien of a governmental unit for taxes.

6.     The Lender is granted a superpriority claim for unpaid advances under the DIP Agreement, provided that such superpriority claim shall be subject and inferior to:

(a)     approved fees and expenses of the Subchapter V trustee; and

(b)     post-petition rent due and payable to the Landlord.

7.     Section 10 of the DIP Agreement, which provides for payment to the Lender of a Commitment Fee of $15,000, is null and void.

8.     Notwithstanding anything in the DIP Agreement to the contrary, the Lender must obtain a court order granting relief from the automatic stay prior to foreclosing on the Collateral.

9.     Notwithstanding anything in the DIP Agreement to the contrary, the Lender shall only be entitled to reimbursement of legal fees and expenses from the Debtor upon application to this Court and approval of such fees and expenses.

10.     A 13-week cash flow projection showing the proposed sources and uses of the DIP loan is attached to this Final Order as **Exhibit A**.

13.     Nothing in this Final Order (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to § 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtor; (b) shall impair, prejudice, waive or otherwise affect the rights of the Debtor or its estate with respect to the validity, priority, or amount of any claim against the Debtor and its estate; or (c) shall be construed as a promise to pay a claim.

14.     The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Final Order.

# # #

ORDER SUBMITTED BY:

Rachael Smiley
**FERGUSON BRASWELL FRASER KUBASTA PC**
2500 Dallas Pkwy
Plano, TX 75093
Telephone: 972.378.9111
Facsimile: 972.378.9115
rsmiley@fbfk.law

-and-

Jonathan Friedland (*admitted pro hac vice*)
Jack O'Connor (*admitted pro hac vice*)
Mark Melickian (*admitted pro hac vice*)
**SUGAR FELSENTHAL GRAIS & HELSINGER LLP**
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone: 312.704.9400
Facsimile: 312.704.9400
jfriedland@sfgh.com
joconnor@sfgh.com
mmelickian@sfgh.com

*Proposed Co-Counsel to the Debtor*

**Exhibit A**

**Flix Brewhouse NM LLC**   *10.7.21*
*Projected Sources and Uses of DIP Loan*

| Week | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Week Ending: | 9/30/21 | 10/7/21 | 10/14/21 | 10/21/21 | 10/28/21 | 11/4/21 | 11/11/21 | 11/18/21 | 11/25/21 | 12/2/21 | 12/9/21 | 12/16/21 | 12/23/21 | 12/30/21 | |
| **Beginning Balance** | $ 3,685 | $ 74,677 | $ 75,157 | $ 118,858 | $ 75,148 | $ 75,393 | $ 74,813 | $ 152,157 | $ 74,968 | $ 75,106 | $ 75,228 | $ 113,789 | $ 85,128 | $ 148,557 | $ 3,685 |
| Sales | 9,000 | 91,100 | 106,300 | 74,700 | 105,600 | 51,300 | 119,000 | 74,700 | 103,900 | 106,300 | 106,300 | 121,500 | 150,600 | 162,500 | 1,382,800 |
| Gratuities collected | 1,134 | 11,479 | 13,394 | 9,412 | 13,306 | 6,464 | 14,994 | 9,412 | 13,091 | 13,394 | 13,394 | 15,309 | 18,976 | 20,475 | 174,233 |
| Sales Taxes collected | 579 | 5,865 | 6,843 | 4,809 | 6,798 | 3,302 | 7,661 | 4,809 | 6,689 | 6,843 | 6,843 | 7,822 | 9,695 | 10,461 | 89,018 |
| **Total Receipts** | 10,713 | 108,443 | 126,537 | 88,921 | 125,704 | 61,066 | 141,655 | 88,921 | 123,680 | 126,537 | 126,537 | 144,631 | 179,270 | 193,436 # | 1,796,651 |
| **Operating Disbursements** | | | | | | | | | | | | | | | |
| Payroll and benefits, incl. gratuities | - | 49,861 | - | 85,978 | - | 78,334 | - | 90,674 | - | 96,274 | - | 102,381 | - | 127,214 | 630,717 |
| Studio payments | - | - | 20,279 | 23,662 | 16,628 | 23,507 | 11,419 | 26,489 | 16,628 | 23,128 | 23,662 | 23,662 | 27,046 | 33,524 | 269,636 |
| Food & Beverage | - | 25,000 | 19,520 | 22,777 | 16,006 | 22,627 | 10,992 | 25,498 | 16,006 | 22,262 | 22,777 | 22,777 | 26,034 | 32,269 | 284,542 |
| Rent | 75,808 | - | - | - | 75,808 | - | - | - | 79,940 | - | - | - | - | 79,940 | 311,496 |
| Utilities | - | - | 17,500 | - | - | - | 17,500 | - | - | - | 17,500 | - | - | - | 52,500 |
| Corporate Management & Marketing Fees | - | 22,500 | - | - | - | 22,500 | - | - | - | 22,500 | - | - | - | - | 67,500 |
| Corporate Expense Reimbursements | 24,000 | - | - | 15,000 | - | - | - | - | 15,000 | - | - | - | 15,000 | - | 69,000 |
| Repairs & Maintenance | 19,000 | 10,000 | 2,500 | 2,500 | 9,000 | 1,000 | 1,000 | 1,000 | 9,000 | 1,000 | 1,000 | 1,000 | 1,000 | 9,000 | 68,000 |
| Sales taxes | - | - | - | 579 | - | - | - | 24,314 | - | - | - | - | 22,460 | - | 47,353 |
| Equipment Leases & IT | 4,800 | - | - | - | - | 4,800 | - | - | - | 4,800 | - | - | - | - | 14,400 |
| Insurance | 1,900 | - | - | - | - | 4,200 | - | - | - | 4,200 | - | - | - | - | 10,300 |
| Local Advertising / Marketing | - | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 32,500 |
| Credit Card Processing Fees | - | 2,603 | 3,037 | 2,134 | 3,017 | 1,466 | 3,400 | 2,134 | 2,968 | 3,037 | 3,037 | 3,471 | 4,302 | 4,642 | 39,248 |
| Other Operating Expenses | - | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 130,000 |
| **Total Operating Disbursements** | 125,508 | 122,464 | 75,336 | 165,131 | 132,959 | 170,933 | 56,811 | 182,610 | 152,042 | 189,702 | 80,476 | 165,791 | 108,342 | 299,088 | 2,027,192 |
| **Operating Cash Flow** | (114,795) | (14,021) | 51,201 | (76,210) | (7,255) | (109,867) | 84,844 | (93,689) | (28,362) | (63,165) | 46,061 | (21,161) | 70,929 | (105,652) | (381,142) |
| **Bankruptcy & Non-operating Disbursements** | | | | | | | | | | | | | | | |
| Professional Fees (escrowed) | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 | 105,000 |
| Utility Deposit | 17,500 | - | - | - | - | - | - | - | - | - | - | - | - | - | 17,500 |
| Debt Service | 52,213 | - | - | - | - | 52,213 | - | - | - | - | 52,213 | - | - | - | 156,639 |
| **Total Non-operating Disbursements** | 77,213 | 7,500 | 7,500 | 7,500 | 7,500 | 59,713 | 7,500 | 7,500 | 7,500 | 59,713 | 7,500 | 7,500 | 7,500 | 7,500 | 279,139 |
| **Net Cash Flow before DIP Draws** | (192,008) | (21,521) | 43,701 | (83,710) | (14,755) | (169,580) | 77,344 | (101,189) | (35,862) | (122,878) | 38,561 | (28,661) | 63,429 | (113,152) | (660,281) |
| DIP Draw | 263,000 | 22,000 | - | 40,000 | 15,000 | 169,000 | - | 24,000 | 36,000 | 123,000 | - | - | - | 40,000 | 732,000 |
| **Ending Cash** | $ 74,677 | $ 75,157 | $ 118,858 | $ 75,148 | $ 75,393 | $ 74,813 | $ 152,157 | $ 74,968 | $ 75,106 | $ 75,228 | $ 113,789 | $ 85,128 | $ 148,557 | $ 75,404 | $ 75,404 |

_NOTES:_

Debt service: FB NM's share per existing debt allocation agreement of "Holdco Note" is 24.9363%. Monthly Holdco payments are $108,728, of which debtor's share is $27,113. Debtor's SBA loan payment is $25,100 per month

Rent: No amount for any September "stub period rent" is shown TBD. Also, the rent consists of the Base Rent per the lease plus 1/12th of the 2020 actual NNN expenses as 2021 estimated installments.

Utility deposits: Amount is estimated for electricity, water, and gas based on comparable locations.

Professional Fees: Weekly escrowed amounts of $7,500 to be held in trust for Debtor's professionals. Payments to Debtor's professionals will only be made under court order. As with all line items, amounts are estimates only, and in the case of Debtor's professionals, they assume a consensual plan and no significant litigation.

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DIP Draw in Week | 263,000 | 22,000 | - | 40,000 | 15,000 | 169,000 | - | 24,000 | 36,000 | 123,000 | - | - | - | 40,000 | |
| DIP Loan Ending Balance | 263,000 | 285,000 | 285,000 | 325,000 | 340,000 | 509,000 | 509,000 | 533,000 | 569,000 | 692,000 | 692,000 | 692,000 | 692,000 | 732,000 | |