**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS (EL PASO)**

| | | |
|---|---|---|
| **In re:** | § | Chapter 11 (Subchapter V) |
| | § | |
| **Flix Brewhouse NM LLC,** | § | Case No. 21-30676 (HCM) |
| | § | |
| Debtor. | § | |
| | § | |

**DEBTOR'S MOTION TO APPROVE COMPROMISE**

**AND SETTLEMENT PURSUANT TO RULE 9019**

**This pleading requests relief that may be adverse to your interests.**
**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**
**A timely filed response is necessary for a hearing to be held.**

Flix Brewhouse NM LLC, the debtor and debtor in possession (the "***Debtor***") in the above-captioned Chapter 11 case (the "***Case***") submits this motion (the "***9019 Motion***") seeking an order, substantially in the form attached here to approve a compromise and settlement with Village @ La Orilla, LLC (the "***Landlord***") pursuant to Federal Rule of Bankruptcy Procedure 9019. In support of the 9019 Motion, the Debtor states:

**JURISDICTION & VENUE**

1. The Court has jurisdiction to consider this 9019 Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of this Case and the 9019 Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought in the 9019 Motion are 11 U.S.C. § 105,; Rules 6004, and 9019 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"); and Rule 9019 of the Local Court Rules of the United States Bankruptcy Court for the Western District of Texas the "***Local Rules***").

**BACKGROUND**

3. The Debtor initiated this Case by filing a voluntary chapter 11 petition on

September 10, 2021. (Dkt. 1). The Debtor continues to manage its financial affairs as debtor in possession. The Debtor elected for this Case to proceed under Subchapter V of chapter 11.

4. The Debtor operates a dine-in cinema under the name "Flix Brewhouse," consisting of a first-class movie theater, restaurant, and craft microbrewery located in the Village @ La Orilla shopping center in Albuquerque, New Mexico.

### A. The Lease

5. The Debtor and Landlord (collectively, the "**Parties**") are parties to that certain Commercial Real Estate Lease dated August 18, 2015 (the "**Lease**") between the Debtor as tenant and Landlord as landlord for the premises located in the Village @ La Orilla shopping center in Albuquerque, New Mexico (the "**Premises**").

6. The Lease was guaranteed by Flix Entertainment LLC (the "**Corporate Guarantor**") under the terms of a Corporate Guaranty to Lease dated August 14, 2015 and Allan L. Reagan (the "**Personal Guarantor**") under the terms of a Personal Guaranty to Lease dated August 14, 2015 (the "**Personal Guaranty**").

7. The Personal Guarantor filed a chapter 11, subchapter V bankruptcy case before the United States Bankruptcy Court for the Western District of Texas, captioned In re Allan L. Reagan, Case No. 20-11161-tmd. The Personal Guarantor confirmed a plan of reorganization in his personal bankruptcy case, and distributions from the Personal Guarantor's bankruptcy estate to the Landlord on account of the Personal Guaranty totaled $255,538.73 (the "**PG Payment**").

### B. The Global Pandemic

8. Due to the effects of the COVID-19 global pandemic, the use of the Premises was subject to full or partial Government Restrictions from March 12, 2020 through June 30, 2021 (the "**Force Majeure Period**"). During the Force Majeure Period, in addition to payment in full of rent for March 2020, the Debtor paid a total of $30,000.00 on its rent account (the "**Partial Rent Payment**") during the remainder of the Force Majeure Period.

9. The Debtor did not operate its permitted use at the Premises from March 17, 2020

2

through September 29, 2021, and reopened at the Premises operating its permitted use on September 30, 2021.

### B. The Landlord Dispute And The Adversary

10. On November 19, 2021, the Landlord filed a proof of claim in the Case, identified in the claims registers as claim number 7 (the "**Proof of Claim**"). The Proof of Claim alleges that the Landlord is owed $1,482,563.40 by the Debtor on account of rent and other charges under the Lease, inclusive of certain interest, fees, and other expenses for the Force Majeure Period and the months of July 2021 through September 2021.

11. On December 1, 2021, the Debtor, along with co-plaintiff Corporate Guarantor, commenced an adversary proceeding (the "**Adversary**") against the Landlord by filing a complaint objecting to the Proof of Claim and asserting claims against the Landlord. (AP Dkt. 1). The Adversary is styled *Flix Brewhouse NM LLC and Flix Entertainment LLC v. Village @ La Orilla, LLC*, and is proceeding under case number 21-03029. The Landlord answered the complaint on January 3, 2022. (AP Dkt. 9).

12. At issue in the Adversary, among other things, is the interpretation of the Lease's force majeure provisions, the amount owed to the Landlord and the amount necessary for the Debtor to cure the Lease in the event the Debtor assumes the Lease.

13. The Debtor filed a proposed plan of reorganization (the "**Plan**") in the Case on December 9, 2021, (Dkt. 92) which has not yet been confirmed.

14. On May 17, 2022, the Court entered an Order Extending Debtor's Time to Assume or Reject Unexpired Lease of Nonresidential Real Property extending the time to assume or reject the Lease through the date that is 14 days after this Court issues a ruling in the Adversary that resolves the Adversary.

### C. The Settlement

15. On March 7, 2022, the Parties participated in a mediation before Jeff Kichaven (https://www.linkedin.com/in/jeffkichaven/). The outcome of the mediation resulted in the

3

Parties agreeing to a settlement in principle.

16. The settlement between the Parties is memorialized in the First Amendment to Commercial Real Estate Lease, dated as of August 26, 2022 (the "**First Amendment**," together with the Lease, the "**Amended Lease**"). A copy of the First Amendment is attached here as **Exhibit A**.

17. Under the terms of the Amended Lease, in the broadest of strokes, the Parties have agreed to amend the terms of the Lease, settle their disputes, resolve the Landlord's Proof of Claim, and dismiss the Adversary Proceeding. The basic terms of the First Amendment, subject to Court approval, are as follows:[1]

   (a) Rent Settlement Amount: In full and final satisfaction of all Rent[2] owed for the Force Majeure Period, the Debtor has agreed to pay the Landlord a total of $800,538.73 (the "**Rent Settlement Amount**") as follows:

   - Within 15 days of the Effective Date of the First Amendment, the Debtor shall pay to Landlord $515,000.00 (which amount will be paid by the Debtor directly to the Landlord's lender);

   - The Partial Rent Payment previously made by Debtor to Landlord in the amount of $30,000 shall be applied to the Rent Settlement Amount; and

   - The PG Payment previously made by the Personal Guarantor to the Landlord in the amount of $255,538.73 shall be applied to the Rent Settlement Amount.

   (b) Utilities Reimbursement: Debtor shall reimburse Landlord the Landlord's actual out-of-pocket costs not to exceed $35,000.00, for electrical power and natural gas services owed to PNM (Public Service Company of New Mexico) and New Mexico Natural Gas Company during a portion of the Force Majeure Period. The Debtor shall pay the Utilities Reimbursement directly to the Landlord's lender.

   (c) IRB Reimbursement. Within 15 days of the Effective Date, the Debtor shall pay to Landlord the sum of $50,000.00 as full and final reimbursement to Landlord of any and all claims against or charges to Debtor relating to Landlord's costs and

---

[1] The description contained herein is subject to the terms of the First Amendment. Any discrepancies between this 9019 Motion and the First Amendment shall be governed by the express terms of the First Amendment.

[2] Capitalized terms not defined in this 9019 Motion have the same meaning ascribed to them in the First Amendment.

4

  expenses associated with obtaining an industrial revenue bond for the Premise. The Debtor shall pay the IRB Reimbursement directly to the Landlord's lender.

(d) <u>Tenant Improvements</u>. As more fully set forth in the First Amendment, the Parties agree to work together with respect to certain future tenant improvements. This includes the Debtor providing the Landlord with a tenant improvement reserve deposit of $200,000 to be held by the Landlord's lender for the reimbursement of certain tenant costs.

(e) <u>Extension of Non-Cancelable Lease Term</u>. Debtor has agreed to waive the right to cancel the Amended Lease as of the end of the tenth year and accordingly extend the non-cancelable term by sixty (60) months through and including November 30, 2031. The Debtor also has the right to extend the Term of the Lease for an additional two months at no increase in Base Minimum Rent.

(f) <u>Rent Modifications</u>. The Minimum Base Rent, Percentage Rent and timing and manner or payments have been modified.

(g) <u>Security Deposit</u>. The Security Deposit provision has been modified to provide, among other things, that the security deposit shall be applied against rent for months 120 (November 2026) and 121 (December 2026).

18. The First Amendment's effectiveness is conditioned on the Debtor (i) obtaining Court approval of the First Amendment and authorizing the Debtor to assume the Amended Lease and (ii) dismissing or closing the Adversary. Contemporaneous with the filing of this 9019 Motion, the Debtor has filed an Agreed Motion To Assume Unexpired Lease For Nonresidential Real Property, As Amended With Village @ La Orilla, LLC (the "**Assumption Motion**") seeking authority to assume the Amended Lease.

19. Additionally, the First Amendment is subject to the approval of Landlord's lender, which has been obtained, subject to the receipt of payments from the Debtor as described in Paragraph 17 above (a total of $800,000 assuming the maximum amount of utilities reimbursement) and from the Landlord (approximately $600,000) pursuant to a loan reinstatement agreement between the lender and the Landlord). The order approving this 9019 Motion shall only be effective if the Landlord's lender's consent is delivered to Debtor within 14 days of entry of the order approving the Assumption Motion.

20. By this 9019 Motion, the Debtor requests that the Court enter an order approving the compromise and settlement with the Landlord. The compromise complies with the Fifth

5

Circuit standard for approving compromises and settlement.

21. A basic policy in bankruptcy is that compromise is favored. 10 *Lawrence P. King, Collier on Bankruptcy*, paragraph 9019.01 at 9019-2 (15th E.D. Rev. 1997). Courts have built on this policy by adopting the standards set forth in the United States Supreme Court decision of *Protective Comm. For Indep. Stock Holders of TMT Trailer Ferry, Inc. v. Anderson*, 390 E.S. 414 (1968). In *TMT*, the Supreme Court held that a compromise would be approved by the bankruptcy court only after it:

> [A]pprises itself of all of the facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further the judges should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties in collecting on any judgment of which might be obtained, and any other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

*Id.* at 424.

22. The Fifth Circuit standard is set forth in *Official Comm. Of Unsecured Creditors v. Cajun Electric Power Coop., Inc.*, 119 F.3d 339 (5th Cir. 1997) as follows:

> (a) The probability of success in the litigation, with due consideration for the uncertainty and fact and law,
>
> (b) The complexity and likely duration of the litigation and any intended expense, inconvenience, and delay, and
>
> (c) All other factors bearing on the wisdom of the compromise.

*Id.* at 356.

23. These factors have been summarized as requiring the compromise to be "fair and equitable" and "in the best interest of the estate. *Id.* at 355.

24. Here, the compromise meets the Fifth Circuit standard. It is fair and equitable and is in the best interest of the Debtor, its estate, and its creditors. The settlement represents a resolution of the sole major issue in the Case and will help expedite the resolution of this Case.

Given the various claims asserted by both the Debtor and the Landlord and the novel issues relating the Global Pandemic, it is unclear which Party would be successful in the Adversary and regardless of the outcome, the losing party may appeal any ruling. Accordingly, the litigation could continue for a significant period. However, if the settlement is approved, it is the Debtor's intent to dismiss this Case and continue on in the ordinary course of its business. In addition, the Debtor will avoid the significant cost and expenses associated with continuing to litigate with the Landlord, will be able to avoid the significant costs and expenses associated with the Case and will be able to focus on its business and continuing to operate a first class movie theater, restaurant, and craft microbrewery.

25. If the Debtor cannot settle with the Landlord and assume the Amended Lease, this Case will have to remain in limbo, the Adversary will need to be litigated, a contested confirmation hearing will be likely, and the Debtor will need to expend additional time and effort and incur additional fees and expenses in the process.

26. Thus, the proposed settlement, as memorialized in the First Amendment, is fair and equitable and in the best interest of the Debtor, its estate, and its creditors; and it will facilitate the Debtor's ability to exit bankruptcy and ensure its ability to continue to operate its business at the Premises.

**REQUEST FOR WAIVER OF 14-DAY STAY PERIOD UNDER BANKRUPTCY RULES 6004(h)**

27. Given the nature of the relief requested in this 9019 Motion, the Debtor requests that any order granting this 9019 Motion may become effective earlier than 14 days following its entry by providing that the 14-day stay under Bankruptcy Rules 6004(h) and 6006(d) is waived.

28. Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property . . . is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."

29. The purpose of Bankruptcy Rules 6004(h) is to provide sufficient time for an

7

objecting party to appeal before an order can be implemented. *See* Advisory Committee Notes to Fed. R. Bankr. P. 6004(h). Although these Bankruptcy Rules and the Advisory Committee Notes are silent as to when a court should "order otherwise," and eliminate or reduce the 14-day stay period, Collier on Bankruptcy suggests that the 14-day stay period should be eliminated to allow a sale or other transaction to close "where there has been no objection to the procedure." 10 COLLIER ON BANKRUPTCY ¶6064.09 (L. King, 15th rev. ed. 1988); *see also In re Borders Grp., Inc.*, 453 B.R. 477, 486 (Bankr. S.D.N.Y. 2011) (citing to Collier for this proposition).

## NOTICE & NO PRIOR REQUEST

30. The Debtor is providing notice of this 9019 Motion to the following parties or their respective counsel: (a) Flix Entertainment LLC, the Debtor's DIP Lender in this Case; (b) the Office of the United States Trustee for the Western District of Texas; (c) the Landlord's lender, c/o Midland Loan Services, Attn: Cody Hilke, with a copy to lender's counsel, Gordon Rees Scully Mansukhani; (d) the Subchapter V Trustee; and (e) any party that requests service pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

31. No prior request for the relief sought in this 9019 Motion has been made to this or any other court.

## CONCLUSION

*Wherefore*, the Debtor requests that the Court enter an order substantially in the same form attached to this 9019 Motion: (a) approving the settlement as memorialized in the First Amendment; (b) dismissing the Adversary; (c) waiving the 14-day stay period under Bankruptcy Rule 6004(h); and (d) granting any other further relief the Court deems appropriate under the circumstances.

Date: August 25, 2022          *Flix Brewhouse NM LLC*

By:   /s/ Rachael L. Smiley
       One of its Attorneys

Rachael Smiley (State Bar No. 24066158)
**FERGUSON BRASWELL FRASER KUBASTA PC**
2500 Dallas Pkwy
Plano, TX 75093
Telephone: 972.378.9111
Facsimile: 972.378.9115
rsmiley@fbfk.law

*Co-Counsel to the Debtor*

By: /s/ Jonathan Friedland
       One of its Attorneys

Jonathan P. Friedland (*admitted pro hac vice*)
Jeffrey M. Schwartz (pro hac pending)
Hajar Jouglaf (*admitted pro hac vice*)
**MUCH SHELIST, P.C.**
191 N. Wacker Drive, Ste. 1800
Chicago, Illinois 60606
Telephone: 312.521-2000
Facsimile: 312.521.2100
jfriedland@muchlaw.com
jschwartz@muchlaw.com
Hjouglaf@muchlaw.com

*Proposed Co-Counsel to the Debtor*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that the foregoing document was served upon those parties on the attached service list who are entitled to receive Court ECF Notification in this case via such notification on this 25th day of August, 2022, as well as upon the following additional parties via email:

Ari M. Charlip
Gordon Rees Scully Mansukhani
37000 Woodward Ave., Suite 225
Bloomfield Hills, MI 48304
acharlip@grsm.com

                 /s/ Rachael L. Smiley
                 Rachael L. Smiley