**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS (EL PASO)**

| | | |
|---|---|---|
| In re: | § | Chapter 11 (Subchapter V) |
| | § | |
| Flix Brewhouse NM LLC, | § | Case No. 21-30676 (HCM) |
| | § | |
| Debtor. | § | |
| | § | |

**DEBTOR'S MOTION TO DISMISS CHAPTER 11 CASE**

Flix Brewhouse NM LLC, the debtor and debtor in possession (the "**Debtor**") in the above-captioned Chapter 11 case (the "**Case**") by and through its undersigned counsel, submits this motion (the "**Motion**") seeking an order dismissing this Case under Bankruptcy Code §§ 105(a) and 1112(b). In support of this Motion, the Debtor states:

**JURISDICTION & VENUE**

1. The Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of this Case and the Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought in the Motion are 11 U.S.C. §§ 105 and 1112(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 1017(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); and Rule 1017 of the Local Court Rules of the United States Bankruptcy Court for the Western District of Texas.

**BACKGROUND**

1. The Debtor initiated this Case by filing a voluntary chapter 11 petition on September 10, 2021. (Dkt. 1). The Debtor continues to manage its financial affairs as debtor in possession. The Debtor elected for this Case to proceed under Subchapter V of chapter 11.

2. The Debtor operates a dine-in cinema under the name "Flix Brewhouse," consisting of a first-class movie theater, restaurant, and craft microbrewery located in the Village @ La Orilla shopping center in Albuquerque, New Mexico (the "**Premises**").

3. The Debtor leases the Premises from Village @ La Orilla, LLC (the "**Landlord**"),

1

pursuant to that certain Commercial Real Estate Lease dated August 18, 2015 (the "**Lease**").

### A. The Dispute with the Landlord

4. Due to the effects of the COVID-19 global pandemic, the use of the Premises was subject to full or partial Government Restrictions from March 12, 2020 through June 30, 2021 (the "***Force Majeure Period***"). The Debtor did not operate its permitted use at the Premises from March 17, 2020 through September 29, 2021, and reopened at the Premises operating its permitted use on September 30, 2021.

5. Prepetition, a dispute arose between the Debtor and Landlord as to, *inter alia*, amounts owed to the Landlord during the Force Majeure Period. This dispute with the Landlord and the need for the Debtor to preserve its rights under the Lease were the main reasons the Debtor filed this Case.

6. On December 1, 2021, the Debtor, along with Flix Entertainment LLC commenced an adversary proceeding (the "***Adversary***") against the Landlord by filing a complaint objecting to the Landlord's proof of claim and asserting claims against the Landlord. (AP Dkt. 1). The Adversary is styled *Flix Brewhouse NM LLC and Flix Entertainment LLC v. Village @ La Orilla, LLC*, and is proceeding under case number 21-03029. The Landlord answered the complaint on January 3, 2022. (AP Dkt. 9).

7. At issue in the Adversary, among other things, is the interpretation of the Lease's force majeure provisions, the amount owed to the Landlord and the amount necessary for the Debtor to cure the Lease in the event the Debtor assumed the Lease.

8. The Debtor filed a proposed plan of reorganization in the Case on December 9, 2021, (Dkt. 92) which has not yet been confirmed.

### B. **The Resolution of the Dispute With the Landlord**

9. After mediation and months of negotiations, the Debtor and the Landlord reached an agreement to resolve their disputes thereby resolving the issue which caused the filing of this Case. The settlement between the Debtor and Landlord is memorialized in the First Amendment

2

to Commercial Real Estate Lease, dated as of August 26, 2022 (the "**Lease Amendment**").

10. On August 31, 2022, the Debtor filed the Debtor's Motion To Approve Compromise and Settlement (the "**Settlement Motion**") (Dkt. 123), along with an Agreed Motion to Assume Unexpired Lease for Nonresidential Real Property, as Amended With Village @ La Orilla, LLC (the "**Assumption Motion**") (Dkt. 124).

11. On September 27, 2022, the Court entered orders granting the Settlement Motion (Dkt. 126) and the Assumption Motion (Dkt. 127).

12. The Debtor has now received the Landlord's lender's consent to the Lease Amendment and the Lease Amendment became effective.

### RELIEF REQUESTED

13. By this Motion, the Debtor requests that the Court enter an order, substantially in the form attached here, granting the Motion and dismissing the Case.

14. Bankruptcy Code § 1112(b)(1) provides that a court may dismiss a Chapter 11 case "for cause." 11 U.S.C. § 1112(b)(1). A motion under § 1112(b) invokes a two-step analysis: the court must determine (1) whether "cause" exists either to dismiss or convert the Chapter 11 proceeding; and (2) which option (dismissal or conversion) is in the best interests of the creditors and the estate. *In re Martinez*, 472 B.R. 137, 144 (1st Cir. BAP 2012).

15. Determining whether "cause" exists is done on a case-by-case basis, and the decision to dismiss a Chapter 11 case rests in the sound discretion of the Court. *See In re Albany Partners, Ltd.*, 749 F.2d 670, 674 (11th Cir. 1984); *In re Young*, 76 B.R. 376, 378 (Bankr. D. Del. 1987) (stating that § 1112(b) permits the court in its discretion to dismiss Chapter 11 case, and that "determination of whether cause has been shown must be made on a case-by-case basis, and cause is not limited to the enumerated grounds of § 1112(b)").

**A. Cause Exists to Dismiss the Case Under § 1112(b)**

16. Section 1112(b)(4) contains a non-exhaustive list of what constitutes "cause" to convert or dismiss a Chapter 11 case. *In re Attack Properties, LLC,* 478 B.R. 337, 344 (N.D. Ill.

3

2012). The presence of any one of § 1112(b)(4)'s specifically enumerated factors—or any other factor deemed important by the Court—is sufficient to warrant dismissal or conversion of a Chapter 11 case. *In re Reagan*, 403 B.R. 614, 621 (B.A.P. 8th Cir. 2009); *In re Franco*, No. 10-09758, 2012 WL 3071242, at *2 (Bankr. D.P.R. July 30, 2012) ("Although Section 1112(b)(4) of the Bankruptcy Code fails to define what 'cause' means, it does provide a list of circumstances that constitute 'cause' for conversion or dismissal. The list of causes is non-exhaustive and thus a case may be converted or dismissed for other causes."); *Martinez*, 472 B.R. at 144 ("One ground, however, is sufficient, standing alone, to establish cause under [§ 1112(b)].").

17. The Debtor submits that cause exists to dismiss this Case beyond § 1112(b)(4)'s enumerated factors, because the Debtor has resolved its issues with the Landlord. As a result, the sole issues causing the Debtor to seek bankruptcy relief have been resolved along with any issues relating to the Debtor's financial condition. Accordingly, due to the settlement with the Landlord, the Debtor no longer needs the protections afforded by the Bankruptcy Code. Prior to the Petition Date, the Debtor was paying its vendors in the ordinary course of its business. If the Case is dismissed, the Debtor will be able to focus on its core competency – running a first-class movie theater, restaurant, and craft microbrewery and will be able to pay undisputed creditor claims in the ordinary course of business as it operates is business going forward.

**B. Dismissal is in the Best Interests of the Debtor's Creditors & Estate**

18. Once a court determines that cause exists to dismiss a Chapter 11 case, the court must also evaluate whether dismissal is in the best interests of creditors and the estate. *See* 11 U.S.C. § 1112(b). In addition, Bankruptcy Code § 105(a) authorizes the Court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

19. As noted, the Amended Lease provides the Debtor the ability to operate its business at the Premises and pay creditor claims in the ordinary course of business. A reorganization of the Debtor in Chapter 11 is therefore no longer necessary, and keeping the Case

in Chapter 11 would only serve to burden the Debtor, and this Court with the unnecessary expense and time associated with continuing to administer this Case.

20. Dismissal of this Case is also warranted because the sole alternative—conversion to Chapter 7—will obviously not serve the best interests of the Debtor's estate or its creditors. The Debtor is now capable of operating its business as a going concern, rendering a forced liquidation of the Debtor under Chapter 7 unnecessary and definitely against the best interests of creditors and the estate in this Case.

21. The Subchapter V Trustee, Comerica Bank, the Debtor's prepetition lender, Flix Entertainment LLC, the Debtor's DIP lender in this Case and the Landlord all support the dismissal of this Case.

### NOTICE & NO PRIOR REQUEST

22. The Debtor is providing notice of this Motion to the following parties or their respective counsel: (a) the United States Trustee for the Western District of Texas; (b) any party that requests service pursuant to Bankruptcy Rule 2002; and (c) all creditors. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

23. No prior request for the relief sought in this Motion has been made to this or any other court.

### CONCLUSION

*Wherefore*, the Debtor requests that the Court enter an order substantially in the same form attached to this Motion granting this Motion, dismissing the Case, and any other further relief the Court deems appropriate under the circumstances.

Date: November 18, 2022         *Flix Brewhouse NM LLC*

By:  /s/ *Rachael L. Smiley*
    One of its Attorneys

Rachael Smiley (State Bar No. 24066158)
**FERGUSON BRASWELL FRASER KUBASTA PC**
2500 Dallas Pkwy
Plano, TX 75093
Telephone: 972.378.9111
Facsimile: 972.378.9115
rsmiley@fbfk.law

*Co-Counsel to the Debtor*

By: /s/ Jonathan Friedland
    One of its Attorneys

Jonathan P. Friedland (*admitted pro hac vice*)
Jeffrey M. Schwartz (pro hac forthcoming)
Hajar Jouglaf (*admitted pro hac vice*)
**MUCH SHELIST, P.C.**
191 N. Wacker Drive, Ste. 1800
Chicago, Illinois 60606
Telephone: 312.521-2000
Facsimile: 312.521.2100
jfriedland@muchlaw.com
jschwartz@muchlaw.com
Hjouglaf@muchlaw.com

*Co-Counsel to the Debtor*

6

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that the foregoing document was served this 18th day of November, 2022 via Court ECF Notification upon those parties on the attached service list who are entitled to receive such notification.

                     /s/ Rachael L. Smiley
                     Rachael L. Smiley

**CERTIFICATE OF CONFERENCE**

  The undersigned hereby certifies that have I conferred with Mike Colvard, the Subchapter V Trustee, as well as Robert Diehl, counsel for Comerica Bank, Peter Lindborg, counsel for the Landlord, and with Flix Entertainment LLC, the Debtor's DIP lender, and each confirmed that they or their respective clients support the relief sought in the foregoing Motion.

                     /s/ Jeffrey M. Schwartz
                     Jeffrey M. Schwartz